IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02220-MSK-KLM

ROCHELLE DRIESSEN,

    Plaintiff,

v.

HOME LOAN STATE BANK,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on its **Order to Show Cause** [Docket No. 33; Issued January 8, 2013]. In that Order, the Court directed Plaintiff, who is proceeding in this matter *pro se*, to show cause why this Court should not impose sanctions against her pursuant to Fed. R. Civ. P. 11(c). The Court noted that Plaintiff had sent two inappropriate emails to the Court and that it had warned Plaintiff after the first one that she should not send further correspondence to the Court by email.

    Specifically, the Court made the following findings as to the second email. First, as the Court had previously pointed out in the Order dated January 4, 2013 [#31] (hereinafter referred to as "Order #31"), the second email violated Local Rule 77.2 of this Court, which forbids parties from sending communications directly to a judicial officer. Second, the second email violated Order #31, which explicitly instructed Plaintiff not to communicate with the Court in this fashion. Third, like the first email, the second email contained extremely disrespectful and inappropriate language regarding the Court. Fourth, the

-1-

second email contained misrepresentations about Plaintiff's and the Court's actions in this case, as outlined in further detail in the Order to Show Cause.

Order #31 specifically warned Plaintiff that "any communication to the Court in violation of this Order shall result in the imposition of sanctions against the Plaintiff." The Court found that the email attached to the Order to Show Cause violated Order #31 and that sanctions thus appeared to be appropriate pursuant to Rule 11. *See* Fed. R. Civ. P. 11(b)(1) (stating that submissions to the Court must not be presented for any improper purpose, including harassment). Rule 11(c) allows the Court to impose monetary sanctions on its own initiative. However, before it may do so, it must follow a prescribed mandatory procedure. *Wasko v. Moore*, 122 Fed. App'x 403, 406 (10th Cir. Feb. 1, 2005). The Court therefore issued "a show cause order specifically describing the conduct implicating the rule, followed by a reasonable opportunity for the party/attorney so advised to demonstrate how she has not violated the rule." *Id.* (citing *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000)).

Plaintiff filed a Response [#35] to the Order to Show Cause on January 25, 2013. However, Plaintiff's Response does not address any of the issues relevant to the Order to Show Cause. Rather, she attempts to direct the Court's attention away from the inappropriate and disrespectful emails sent to the Court on January 4, 2013 and January 8, 2013 by discussing only a prior communication regarding submission of a proposed scheduling order. *See Response* [#35] at 2. The Court therefore finds that Plaintiff has failed to show cause why the Court should not impose sanctions against her pursuant to Fed. R. Civ. P. 11(c). Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#33] is made

-3-

**ABSOLUTE**.

IT IS FURTHER **ORDERED** that Plaintiff is fined $100 for violation of Court Order #31. **On or before February 20, 2013**, Plaintiff shall pay the fine to Jeffrey P. Colwell, Clerk of the Court, 901 19th St., Denver, Colorado 80294.

IT IS FURTHER **ORDERED** that **failure to pay the fine, or any further failure to comply with Court Orders, shall result in a recommendation that Plaintiff's case be dismissed pursuant to Fed. R. Civ. P. 41(b).**

Dated:  February 4, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge