IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02220-MSK-KLM

ROCHELLE DRIESSEN,

      Plaintiff,

v.

HOME LOAN STATE BANK,

      Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

      This matter is before the Court on its February 4, 2013 Order [#36].  In that Order, the Court sanctioned Plaintiff for failing to show good cause as to why she failed to follow Court Order #31.  She was ordered to pay $100 to the Clerk of the Court on or before February 20, 2013.  She was also warned that failure to pay the fine would result in a recommendation that her case be dismissed pursuant to Fed. R. Civ. P. 41(b).  Despite the Court's clear warning about the consequences for failure to comply with the Order, Plaintiff has, to date, failed to comply with the Order [#36] and pay the imposed sanction.

      As the Court sets forth in detail below, Plaintiff's conduct to date demonstrates lack of respect for the Court and a lack of interest in prosecuting her case based on her failure to comply with several Court Orders and Local Rules.  Because Plaintiff is proceeding *pro se*, the Court has given Plaintiff multiple warnings and opportunities to comply with relevant Orders and Rules.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court is not Plaintiff's advocate and

must nevertheless recommend dismissal if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110.

For the reasons provided below, the Court respectfully **RECOMMENDS** that Plaintiff's case be **DISMISSED with prejudice** as a sanction pursuant to Fed. R. Civ. P. 41(b).

## I. Background

By way of giving context to the Court's Recommendation, the Court provides the following background. On August 20, 2012, Plaintiff, who proceeds in this matter as a *pro se* litigant, filed the present lawsuit alleging violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693-1693r (2011), which creates a "framework [of] rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693 (b). *See Compl.* [#1]. On October 22, 2012, the Court set a Scheduling Conference for January 8, 2013. *See Order* [#15]. On November 12, 2012, Defendant filed an Answer [#1]. On December 13, 2012, Plaintiff filed a Motion for Default Judgment [#23] and a Motion for Summary Judgment [#24]. On January 3, 2013, Defendant filed a Motion for Summary Judgment [#29]. Based on these filings, the Court issued a Minute Order [#30] vacating the Schedule Conference until resolution of the parties' pending dispositive motions.

The same day the Minute Order [#30] was issued, Plaintiff sent an email directly to the Court. *See* [#31-1]. In response, the Court issued a Minute Order [#31]. In the Minute Order, the Court noted that there were several problems with Plaintiff's email. First, the email violated Local Rule 77.2 of the District of Colorado, which forbids parties from

sending communications directly to a judicial officer.   Second, the email contained extremely disrespectful and inappropriate language regarding the Court.   Third, the email purported to instruct the Court regarding adjudication of the case in the future.   Fourth, the email contained unsupported and erroneous statements regarding civil case procedure in federal court.   The form and content of the email demonstrated that despite Plaintiff's apparent lack of knowledge of the applicable rules of procedure and principles of case management, she was nevertheless willing to express her uninformed opinions in an objectionable, unproductive and disruptive manner. Accordingly, the Court ordered Plaintiff not to contact the Court by telephone, email or other written communication except in the form of pleadings permitted to be filed in the case pursuant to the Federal Rules of Civil Procedure.   The Court further ordered that any communication to the Court in violation of the Order would result in the imposition of sanctions against Plaintiff.   Finally, the Court ordered that any pleading filed by Plaintiff which contained impertinent, rude, insulting, derogatory or other inappropriate language *of any kind* would be summarily stricken and not considered in the adjudication of this matter.

On January 8, 2013, after she received a copy of the Court's Minute Order [#31], Plaintiff sent a second email directly to the Court.   *See* [#33-1].   In response, the Court issued an Order to Show Cause [#33].   In the Order to Show Cause, the Court noted that, like the first email, there were several problems with the second email.   First, as pointed out in the previous Order [#31], the second email violated Local Rule 77.2 of the Court, which forbids parties from sending communications directly to a judicial officer.   Second, the second email violated Order #31, which explicitly instructed Plaintiff not to communicate with the Court in this fashion.   Third, like the first email, the second email contained

extremely disrespectful and inappropriate language regarding the Court.  Fourth, the second email contained misrepresentations about Plaintiff's and the Court's actions in this case.  The misrepresentations made by Plaintiff in the second email included:

1.   "[T]he only reason I contacted your chambers was because of the instructions you provided in the scheduling conference order regarding emailing a copy of the Proposed Scheduling Order to your chambers and submit a copy by mail."  As was manifestly clear from the content of Plaintiff's first email, her reasons for writing and sending it had little, if anything, to do with instructions from the Court.

2.   "[T]hen maybe you need to understand how disrespectful it is for you to provide the Minute Order vacating the scheduling conference to opposing counsel only, and not provide me with the Minute Order from the Court."  The Minute Order to which Plaintiff referred [#30] was sent to Plaintiff at the mailing address she provided to the Court.  The Court has no record that she did not receive the Minute Order in the mail, and indeed, her second email responding to Order #31 was sufficient proof that Court orders were being received by her through the mail.  The Court *also* instructed Defendant to inform Plaintiff that the scheduling conference had been vacated *as a courtesy* because Plaintiff resides outside of this judicial district, to ensure that she was aware of the change as promptly as possible.

Order #31 specifically warned Plaintiff that "any communication to the Court in violation of this Order shall result in the imposition of sanctions against the Plaintiff."  The Court found that the email attached to the Order to Show Cause violated Order #31 and

that sanctions thus appeared to be appropriate pursuant to Rule 11. *See* Fed. R. Civ. P. 11(b)(1) (stating that submissions to the Court must not be presented for any improper purpose, including harassment). Rule 11(c) allows the Court to impose monetary sanctions on its own initiative. However, before it may do so, it must follow a prescribed mandatory procedure. *Wasko v. Moore*, 122 Fed. App'x 403, 406 (10th Cir. Feb. 1, 2005). The Court must issue "a show cause order specifically describing the conduct implicating the rule, followed by a reasonable opportunity for the party/attorney so advised to demonstrate how she has not violated the rule." *Id.* (citing *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000)). Accordingly, the Court issued the Order to Show Cause [#33]. Therein, the Court ordered that, on or before January 29, 2013, Plaintiff should show cause why the Court should not impose sanctions against her pursuant to Fed. R. Civ. P. 11(c). The Court warned that failure to comply with further Court Orders, including the Order to Show Cause, would result in a recommendation that Plaintiff's case be dismissed pursuant to Fed. R. Civ. P. 41(b). The Court also reiterated its mandates from the prior Order [#31].

Plaintiff filed a Response [#35] to the Order to Show Cause on January 25, 2013. However, Plaintiff's Response did not address any of the issues relevant to the Order to Show Cause. Rather, she attempted to direct the Court's attention away from the inappropriate and disrespectful emails sent to the Court on January 4, 2013 and January 8, 2013 by discussing only a prior communication regarding submission of a proposed scheduling order. *See Response* [#35] at 2. The Court therefore found that Plaintiff had failed to show cause why the Court should not impose sanctions against her pursuant to Fed. R. Civ. P. 11(c). Accordingly, the Court ordered that the Order to Show Cause [#33] be made absolute. The Court further ordered that Plaintiff was fined $100 for violation of

Court Order #31 and that, on or before February 20, 2013, Plaintiff should pay the fine to Jeffrey P. Colwell,  Clerk of the Court, 901 19th St., Denver, Colorado 80294.  Finally, the Court warned Plaintiff that failure to pay the fine, or any further failure to comply with Court Orders, would result in a recommendation that Plaintiff's case be dismissed pursuant to Fed. R. Civ. P. 41(b).  However, as earlier noted, despite the Court's clear warning about the consequences for failure to comply with the Order, Plaintiff has, to date, failed to comply with the Order [#36] and pay the imposed sanction.

## II. Findings

The Court finds that Plaintiff has failed to meaningfully participate in her case in that she has failed to comply with at least three Court Orders:  (1) she failed to comply with the Minute Order [#31] issued on January 4, 2013 in response to her first email; (2) she failed to address the required issues in the Order to Show Cause [#33] issued by the Court on January 8, 2013; and (3) she failed to comply with the Order [#36] requiring her to pay $100 to the Clerk of Court by February 20, 2013.  Moreover, Plaintiff's repeated use of extremely disrespectful and inappropriate language and repeated failure to comply with Local Rule 77.2 are collectively viewed as a failure to appropriately prosecute her case.

## III. Analysis

Given Plaintiff's conduct, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b).  *See, e.g.*, *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*  § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[1]   The factors are:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).  Given that Plaintiff is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [her] right of access to the courts . . . ."  *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### A.    Prejudice to Defendants

From a review of the case file, the Court finds that Plaintiff's actions in this case have not necessarily prejudiced Defendants.  They have defended the lawsuit in good faith, have followed Court Orders, and prepared appropriate Court documents.  However,

---

[1] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same.  *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

Defendants have not been required to participate in or file anything in connection with Plaintiff's actions, including her repeated refusal to comply with Court Orders. This factor is therefore neutral.

### B.    Interference with the Judicial Process

The Court concludes that Plaintiff's failure to appropriately prosecute her case, and specifically her repeated failure to comply with Court Orders and the Local Rules, necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to contact the Court as required as well as her repeated contact of the Court through inappropriate methods using inappropriate language evidences lack of respect for the Court and the judicial process. In particular, Plaintiff's conduct has caused the Court and staff to expend unnecessary time and effort. The Court's frequent review of the case file, issuance of futile Orders and this Recommendation increase the workload of the Court and take its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006). This factor weighs in favor of dismissal.

### C.    Culpability of Plaintiff

Plaintiff has, without providing any excuse, ignored her case responsibilities and failed to move her case forward. The Court provided Plaintiff with ample opportunities to litigate her case and comply with Orders, but she has chosen not to follow explicit

instruction regarding her conduct in this matter.  As a voluntary *pro se* litigant, it is solely

Plaintiff's responsibility to ensure that she complies with Court Orders and applicable rules.

*See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Considering the history of

this case, the Court must conclude that Plaintiff's failures have been willful, and that she

is therefore responsible for her own noncompliance.  This factor weighs in favor of

dismissal.

### D.     Advance Notice of Sanction of Dismissal

Plaintiff was warned by the Court on at least two occasions that she risked dismissal

of her case if she failed to move the case forward or to comply with Court Orders [#33,

#36].  *Pro se* litigants are required to read and follow the rules of the Court.  *Green*, 969

F.2d at 917.  There appears to be no question regarding whether Plaintiff received the

warnings.  Accordingly, it should be no surprise to Plaintiff that her failure to comply with

Orders could result in the sanction of dismissal.  Although this factor cannot be said to

weigh in favor of or against dismissal, where other factors support dismissal, the Court's

efforts to advise Plaintiff of the potential for dismissal in this case do not prevent this result.

*See Lynn*, 2006 WL 2850273, at *7 (noting that warnings in prior cases were sufficient to

put the plaintiff on notice).

### E.     Efficacy of a Lesser Sanction

Finally, the Court concludes that no sanction less than dismissal would be effective.

Although Plaintiff is proceeding *pro se*, that does not excuse her conduct here.  *See Green*,

969 F.2d at 917.  The Court has already ordered Plaintiff to pay a $100 fine to the Clerk of

the Court, an Order which Plaintiff has chosen to ignore.  An  evidentiary sanction would

not be practical or effective, nor would such a sanction bear a substantial relationship to

Plaintiff's misconduct.  Considering the history of the case, it is apparent that Plaintiff's repeated misconduct in this matter means that no lesser sanction is warranted and dismissal is the appropriate result.

## IV.  Conclusion

Accordingly,

The Court respectfully **RECOMMENDS** that Plaintiff's case be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  March 11, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

-10-